**NOT FOR PUBLICATION**                                    (Docket No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
KYONG H. KIM and CANS &            :
BOTTLES, INC. d/b/a CAROOL'S       :
LIQUORS                            :
                                   :
                   Plaintiffs,     :   Civil No. 06-3604 (RBK)
                                   :
         v.                        :
                                   :
HAE YEON BAIK and LAW OFFICES      :
OF HAE YEON BAIK                   :
                                   :
                   Defendants.     :
_____:

**O P I N I O N**

**Kugler**, United States District Judge:

      Before the Court is a motion by Defendants Hae Yeon Baik and Law Offices Hae Yeon Baik to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants move to strike certain paragraphs of the complaint pursuant to Federal Rule of Civil Procedure 12(f). For the reasons provided below, the Court grants Defendants' motion to dismiss with regard to Counts Three and Four of Plaintiffs' complaint.  The Court denies Defendants'

1

motion to dismiss with regard to Count Two.[1]  The Court denies Defendants' motion to strike.

**I.   BACKGROUND**

Plaintiff Kyong H. Kim, ("Kim"), acting as President of Cans & Bottles, Inc., d/b/a Carool's Liquors ("Carool's"), retained Defendants Hae Yeon Baik and Law Offices Hae Yeon Baik (collectively "Baik" or "Defendants"), in June 2001 to negotiate the sale of Carool's to a third party, Tina Tran.  Plaintiffs allege the sale was to include the building known as Carool's, the land upon which the building rests, inventory, liquor license, and good will.  Defendants negotiated the sale on Plaintiffs' behalf, and prepared the relevant contracts, including the Agreement of Sale ("Agreement").  In consideration for Baik's services, Plaintiffs promised to pay Baik a "reasonable legal fee" for the time Baik spent on this transaction.

Plaintiffs allege that the Agreement did not "address many issues," which led to the breach of the Agreement.  On June 7, 2006, Plaintiffs filed a complaint in Superior Court of New Jersey, Law Division, Camden County.  In the complaint, Plaintiffs allege professional negligence by Defendant Baik. Specifically, Plaintiffs allege that Baik: 1)"failed to

---

[1]   Defendants did not move to dismiss Count One. Therefore, the Court does not address it, and Count One remains.

adequately prepare a competent" Agreement; 2) practiced "law without a license in the state of New Jersey"; 3) "failed to legally transfer the liquor license"; 4) "failed to properly confirm the price of inventory and reduce [the Agreement] to a competent and legally enforceable agreement"; 5) "failed to prepare a Promissory Note"; 6) "failed to engage in adequate collections [sic] of the sales price"; and 7) "allowed the business to become bankrupt." Plaintiffs further allege that Baik breached her fiduciary duty to Plaintiffs, as well as the covenant of good faith and fair dealing. Finally, Plaintiffs allege that the transaction unjustly enriched Defendant Baik because she over-billed Plaintiffs for work Baik did not perform.

On August 7, 2006, Defendants removed this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1446(a).[2] On August 10, 2006, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants move to strike paragraphs 12 and 14(b) of the complaint pursuant to Federal Rule of Civil Procedure 12(f).

In their motion to dismiss, Defendants allege that this

---

[2] Plaintiff Kim is a citizen of New Jersey. Plaintiff Carool is a New Jersey corporation with its principal place of business in New Jersey. Defendant Baik is a citizen of Pennsylvania, and Defendant Law Offices Hae Yeon Baik is a professional corporation incorporated in Pennsylvania with its principal place of business in Pennsylvania.

claim originated in the United States Bankruptcy Court for the District of New Jersey.  Defendants allege that as part of the Bankruptcy Court's approval of the settlement in that matter, Judge Burns's December 20, 2005 Order required Plaintiffs to file their malpractice claim against Defendants in the United States District Court within ninety days of the entry of that Order.  Plaintiffs filed in this Court accordingly, but this Court dismissed it for failure to adequately plead subject matter jurisdiction.  Plaintiffs then filed this action in state court, as discussed above, well after the ninety day deadline set by Judge Burns.[3]

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d

---

[3]  The Court find that Defendants complied with the Bankruptcy Court's order by initially filing this action with this Court within the ninety-day timeframe set by Judge Burns. Therefore, the Court rejects this as a ground for dismissal under Federal Rule of Civil Procedure 12(b)(6).

365, 374 (3d Cir. 2003) (citation omitted).

### III. DISCUSSION

#### A. Choice of Law[4]

A District Court, hearing a diversity case, must "apply the law of the forum state, including its choice of law provisions." Woessner v. Air Liquide Inc., 242 F.3d 469, 472 (3d Cir. 2001) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Robertson v. Central Jersey Bank & Trust Co., 47 F.3d 1268, 1273 (3d Cir.1995)). Because this Court is located in New Jersey, New Jersey's choice of law rules apply.

New Jersey courts rejected the "lex loci delicti ('place of the wrong') rule for determining the choice of law based on the place where the tort occurred." Id. (citing Veazey v. Doremus, 510 A.2d 1187, 1189 (N.J. 1986)). New Jersey courts use "'the more flexible governmental-interest analysis in choice-of-law decisions.'" Id. (quoting Veazey, 510 A.2d at 1189). In addition, "New Jersey's choice of law test proceeds on 'an issue-by-issue basis.'" Id. (citing Veazey, 510 A.2d at 1189). "'Conflicts principles do not dictate that all legal issues presented by a single case should be decided under the laws of a single state. The evaluation of significant

---

[4] In Defendants' motion to dismiss, and Plaintiffs' opposition, neither party adequately briefed the choice of law issue. By letter dated January 18, 2007, this Court requested supplemental briefing from both parties on this issue. Only Defendants complied with the Court's request.

relationships and governmental interests takes place issue by issue and can lead to the application of different bodies of law.'" Id. (quoting Johnson Matthey Inc. v. Pennsylvania Mfrs. Ass'n Ins. Co., 593 A.2d 367, 374 (N.J. Super. App. Div. 1991)).

New Jersey's governmental-interest analysis requires a two-step inquiry. Id. "'The first step in the analysis is to determine whether a conflict exists between the law of the interested states. . . . If an actual conflict exists, the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties.'" Id. (citing Veazey, 510 A.2d at 1189). If no conflict exists, the court should apply the law of the forum state. RTC Mortg. Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co., 58 F. Supp. 2d 503, 529 (D.N.J. 1999).

### 1. Count Two - Breach of Fiduciary Duty[5]

The first step of the governmental-interest analysis test is whether there is a conflict between Pennsylvania and New Jersey law on breach of fiduciary duty.

Under New Jersey law, a claim for breach of fiduciary

---

[5] Often, a claim for breach of fiduciary duty in the attorney-client context is based in a claim for legal malpractice. However, in this case, Plaintiffs pled counts for legal malpractice and breach of fiduciary in separate counts. See In re Estate of Vayda, 875 A.2d 925, 929 (N.J. 2005).

duty requires the plaintiff to show "that one party places trust and confidence in another who is in a dominant or superior position." McKelvey v. Pierce, 800 A.2d 840, 859 (N.J. 2002). More specifically, "[a] fiduciary relationship arises between two persons when one person is under a duty to act for or [to] give advice for the benefit of another on matters within the scope of their relationship." Id. In addition, New Jersey courts hold that a plaintiff may bring an action for breach of fiduciary duty against an attorney either in the context of legal malpractice or as an independent tort. Packard-Bamberger & Co., Inc. v. Collier, 771 A.2d 1194, 1203 (N.J. 2001). However, with regard to the latter, a plaintiff can recover only if the plaintiff "proves that the attorney's breach arose from the attorney-client relationship." Id.

Similarly, Pennsylvania courts state that "[t]t is axiomatic that an attorney who undertakes representation of a client owes that client both a duty of competent representation and the highest duty of honesty, fidelity, and confidentiality." Capital Care Corp. v. Hunt, 847 A.2d 75, 84 (Pa. Super. 2004). Pennsylvania courts further define this fiduciary duty as "trust and reliance on one side, and a corresponding opportunity to abuse that trust for personal gain on the other." Basile v. H & R Block, Inc., 777 A.2d 95, 101 (Pa. Super. 2001). Like New Jersey, Pennsylvania law states that "to recover for a breach of

fiduciary duty by an attorney, the plaintiff has a threshold burden of showing [the] existence of an attorney-client relationship." <u>Mursau Corp. v. Florida Penn Oil & Gas Inc.</u>, 638 F. Supp. 259, 262 (W.D. Pa. 1986).

With regard to breach of fiduciary duty, there is no conflict between the laws of New Jersey and Pennsylvania. Therefore, this Court will apply the laws of the forum state, New Jersey.  Under New Jersey law, Plaintiffs adequately stated a claim for a breach of fiduciary duty.  Accepting all of Plaintiffs' allegations as true, as required under the standard of review on a motion to dismiss, Plaintiffs allege the requisite attorney-client relationship, as well as potentially intentional misconduct by Defendants that could rise to the level of a breach of the fiduciary duty that exists in an attorney-client relationship.[6] Therefore, Defendants' motion to dismiss with regard to the breach of fiduciary duty claim is denied.

    2.   *Count Three - Breach of Covenant of Good Faith and Fair Dealing*

The first step of the governmental-interest analysis

---

[6] In their memo supporting their motion to dismiss, Defendants state only that "[n]othing in the complaint, or reasonably implied by the allegations in the complaint, suggest [sic] that [Defendants were] in a dominant position over [Plaintiff] (a sophisticated and experienced business person) . . . ." (Defs. Mem. Supp. Defs.' Mot. Dismiss at 9.)  This statement glosses over the very nature of an attorney-client relationship, and completely fails to take into the account the various duties imposed on an attorney in such a relationship.

test is whether there is a conflict between Pennsylvania and New Jersey law on breach of covenant of good faith and fair dealing.

Under New Jersey law, all contracts carry an implied term that the parties to the contract will act in good faith. See, e.g., Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). Moreover, New Jersey case law recognizes

> an independent cause of action based upon the covenant of good faith and fair dealing in three situations: (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

Seidenberg v. Summit Bank, 791 A.2d 1068, 1076 (N.J. Super. App. Div. 2002).

Pennsylvania law also implies a duty of good faith and fair dealing in every contract. Donahue v. Fed. Express Corp., 753 A.2d 238, 242 (Pa. Super. 2000). However, Pennsylvania courts do not recognize an independent cause of action for the breach of the covenant of good faith and fair dealing. See, e.g., McHale v. NuEnergy Group, No. 01-4111, 2002 U.S. Dist. LEXIS 3307, at *23 (E.D. Pa. Feb. 27, 2002) (holding that Pennsylvania law would not recognize a claim for breach of covenant of good faith and fair dealing as an independent cause of action separate from the

9

breach of contract claim since the actions forming the basis of the breach of contract claim are essentially the same as the actions forming the basis of the bad faith claim); Herbert J. Farber Assoc., Inc. v. Harleysville Ins. Co., No. 000557, 2006 WL 1235978, at *4 (Phila. Ct. Com. Pl. May 3, 2006) (concluding that "a claim based on breach of the covenant of good faith and fair dealing, when embedded within a complaint that also alleges breach of contract, is nothing more than a carbon copy of the breach of contract claim"); JHE, Inc. v. Se. Pa. Transp. Auth., No. 1790, 2002 WL 1018941, at *7 (Phila. Ct. Com. Pl. May 17, 2002) (holding that "a breach of the covenant of good faith is nothing more than a breach of contract claim and that separate causes of action cannot be maintained for each").

      Because New Jersey law recognizes an independent cause of action for the breach of the covenant of good faith and fair dealing, and Pennsylvania law does not, there is a true conflict between the laws of the two states.  Therefore, this Court moves to the second prong of the governmental-interest analysis test, which requires the Court to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties. "If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply." D'Agostino v. Johnson & Johnson, 628

A.2d 305, 309 (N.J. 1993). "Consequently, the qualitative, not the quantitative, nature of a state's contacts ultimately determines whether its law should apply." Id.

Ultimately at issue in this case is the relationship between Defendants, an attorney licensed in Pennsylvania and her law office, a Pennsylvania sole proprietorship, and Plaintiffs, a New Jersey citizen and a New Jersey corporation. Although the underlying transaction involved the sale of a New Jersey business, in her affidavit attached to her supplemental memorandum on the choice-of-law issue, Defendant Baik states that all Baik's meetings with Plaintiff Kim took place at Baik's office in Pennsylvania, all of Baik's calls related to the transaction originated from Pennsylvania, and most, if not all, of the work, including drafting the relevant documents for this transaction, occurred in Pennsylvania. (Defs.' Supp. Mem. at 15-16.) Although Plaintiff Kim alleges in her complaint that Defendant Baik "held herself out" as an attorney licensed in New Jersey, it would seem that Pennsylvania has the overriding interest in regulating this transaction. This conclusion does not diminish New Jersey's interest in preventing non-licensed attorneys from practicing law in New Jersey. Nor does this conclusion diminish New Jersey's interest in protecting its citizens and its corporations. However, given the amount of activity that took place in Pennsylvania, and Pennsylvania's

interest in regulating members of its bar, this Court finds that Pennsylvania has more contacts with the parties and underlying transaction, and that Pennsylvania has a greater policy interest in this litigation.

Because this Court concludes that Pennsylvania law applies, and because Pennsylvania does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing, the Court grants Defendants' motion to dismiss Count Three of Plaintiffs' complaint.

  3.   *Count Four - Unjust Enrichment*

The first step of the governmental-interest analysis test is whether there is a conflict between Pennsylvania and New Jersey law with regard to unjust enrichment.

Under New Jersey law, there are two basic elements to a claim for unjust enrichment. First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." <u>VRG Corp. v. GKN Realty Corp.</u>, 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." <u>Id.</u>

Similarly, Pennsylvania law states that the elements of

unjust enrichment are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Commerce Bank/Pennsylvania v. First Union Nat. Bank, 911 A.2d 133, 143-44 (Pa. Super. 2006).

With regard to unjust enrichment, there is no conflict between the laws of New Jersey and Pennsylvania. Therefore, this Court will apply the laws of the forum state, New Jersey. Under New Jersey law, Plaintiffs failed to adequately state a claim for unjust enrichment. New Jersey law requires that in a claim for unjust enrichment, the defendant must actually receive a benefit. See VRG, 641 A.2d at 526 ("To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust."); see also E. Coast Office Sys. v. Citicorp Vendor Fin., Inc., No. 06-24, 2006 WL 3257091 (D.N.J. Nov. 9, 2006) ("The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."). In this case, Plaintiffs have not yet paid Defendants for the services at issue. Therefore, this claim is not yet ripe for

litigation.[7] The Court grants Defendants' motion to dismiss Count Four of Plaintiffs' complaint.

**IV.        MOTION TO STRIKE**

Defendants also move to strike paragraphs 12 and 14(b) of Plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure 12(f).  Specifically, Defendants argue that these paragraphs, which allege that Defendant Baik "held herself out as an attorney licensed to practice law in the state of New Jersey," (Pls.' Compl. ¶ 12), and that "Defendant Baik engaged in the unlawful practice of . . . law without a license in the State of New Jersey,"  (Pls.' Compl. ¶ 14(b)), are "irrelevant" to Plaintiffs' claim of malpractice.

Federal Rule of Civil Procedure 12(f) permits a party to move to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." River Road Dev. Corp. v. Carlson Corp., No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990). Moreover, motions to strike are disfavored and usually will be denied "unless the allegations

---

[7]     Even assuming Plaintiffs ultimately pay the outstanding legal bills to Defendants, this Court does not decide whether Plaintiffs would have a claim for unjust enrichment.

have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Id. "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." United States v. Consolidation Coal Co., No. No. 89-2124, 1991 WL 333694, at *1 (W.D.Pa. July 5, 1991).

Defendants did not move to dismiss Plaintiffs' claim of professional negligence, therefore the Court does not engage in a choice of law analysis on this issue at this time.  As a result, it is unclear whether Pennsylvania or New Jersey law applies to this issue, and the Court will not decide whether the paragraphs at issue are "immaterial" or "impertinent" in the instant motion.  Therefore, the Court denies Defendants' motion to strike.

## V.        CONCLUSION

For the reasons stated above, the Court denies Defendants' motion to dismiss with regard to count Two.  The Court grants Defendants' motion to dismiss with regard to counts Three and Four.  Therefore, counts One and Two of Plaintiffs' complaint remain. The Court denies Defendants' motion to strike.

Dated: 2/27/2007                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge